**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 20-cv-22496-KMM

RICARDO LOPEZ,

      Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

      Defendant.

_____ /

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant Nationstar Mortgage LLC's Motion

for Bill of Costs (ECF No. 83).  The Motion was referred to the undersigned United States

Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the

Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United

States District Judge (ECF No. 84).  Being duly advised in the premises and the Motion being

functionally unopposed, the undersigned recommends that Defendant's Motion for Bill of Costs

be **GRANTED, in part**.

I.    **BACKGROUND**

Plaintiff Ricardo Lopez initiated the instant suit alleging certain violations of the Real

Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2601, *et seq.* and the implementing

regulations codified at 12 C.F.R. § 1024.41, *et seq.*, by Defendant (ECF No. 1 ¶¶ 96–195).

Following a Motion to Dismiss and a Motion to Strike that were both resolved in Defendant's

favor, Defendant filed a Motion for Summary Judgment as to Plaintiff's remaining claims (ECF

No. 51).  The District Court granted Defendant's Motion on all counts, finding Plaintiff's claims barred by the *Rooker-Feldman* Doctrine (ECF No. 81), and the Court subsequently entered Final Judgment in favor of Defendant (ECF No. 82).  As the prevailing party, Defendant filed a Motion to Bill Costs (ECF No. 83).

Defendant's Motion seeks costs in the amount of $3,300.00 in transcription and court reporter fees incurred attendant to taking the depositions of Plaintiff and his wife (ECF No. 83 at 5-6 of 12[1]).  Defendant attached invoices in support of its request to tax costs (*id*. at 7-12).  The certificate of conferral filed by Defendant states that Plaintiff's counsel objects to the relief sought with no further explanation (*id*. at 6); Plaintiff filed no response to Defendant's Motion, however, and the time to do so has long since passed.  *See* S.D. Fla. L.R. 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.").

## II.    LEGAL STANDARD

Defendant, as the prevailing party, is entitled to recuperate costs associated with the litigation.   Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees.  There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket

---

[1] All citations to Defendant's Motions to Bill Costs are made with reference to the electronic pagination.

fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III.   DISCUSSION

Defendant seeks costs of $3,300 in costs consisting of the following: (1) the court reporter fee ($270.00) and transcript fee ($1,287.00) incurred in deposing Plaintiff; and (2) the court reporter fee ($755.00) and transcript fee ($988.00) incurred in deposing Plaintiff's wife (ECF No. 83 at 5).

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

3

Not all deposition costs, however, are recoverable.  Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case.  *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

As noted, Plaintiff raises no challenge to the necessity of the two depositions taken here, and the necessity is facially evident in any event given that Plaintiff brought the action, the Complaint for which is replete with descriptions of actions taken by Plaintiff and his wife during the first and second loss mitigation processes forming the basis of Plaintiff's claims (ECF No. 1).  Included in Defendant's invoices, however, are three charges for "Electronic Delivery and Handling" totaling $84.00 (ECF No. 83 at 8, 11-12).  Defendant offers no explanation for these charges, and thus the Court has no basis upon which to conclude that such electronic delivery and handling was reasonably necessary to the litigation rather than requested for the convenience of counsel.  Accordingly, the undersigned recommends that Defendant's Motion to Bill Costs be reduced by the amount of the delivery and handling fees.

## IV.    RECOMMENDATIONS

For the foregoing reasons, I recommend that Defendant's Motion to Bill Costs (ECF No. 93) be **GRANTED, in part**, and that Defendant be awarded a total of **$ 3,216.00**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report

and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITED** in Chambers at Miami, Florida this 8th day of October, 2021.

**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**